UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID FRAZIER

VERSUS

RADIO SHACK CORPORATION

CIVIL ACTION

NO. 10-855-BAJ-CN

## RULINGS

This matter is before the Court on motions by defendant, RadioShack Corporation ("RadioShack") for Rule 12(b)(6) dismissal of claims asserted against individual defendants, Julian Day (doc. 14) and Jim Romero (doc. 15). The motions are opposed (docs. 17 and 16, respectively). Jurisdiction is alleged under 28 U.S.C. §1331.

## BACKGROUND

Pro se plaintiff, David Frazier, alleges that he worked for RadioShack from December 19, 2003, until June 3, 2008. He further alleges that, during his employment, he filed a claim of age discrimination and was, afterward, subjected to continual harassment and retaliation by the defendants, RadioShack, Jim Romero, Julian Day, Gordon Tenney, and Jasper Green, until the termination of his employment. (Complaint, ¶¶ 1-5).[1]

According to plaintiff, his district manager, Jasper Green, treated him differently than similarly situated employees, imposing more rigorous requirements

---

[1] Plaintiff asserts that he filed a charge of employment discrimination with the Equal Employment Opportunity Commission and filed the complaint in this matter within 90 days of receiving notice of right-to-sue. (Complaint, ¶ 13).

as to leave, and imposing long working hours alone without lunch or rest room breaks. He also asserts that he was improperly denied promotions that were given to younger employees. After being given a very short deadline to either transfer to another store or to accept a demotion, he filed complaints of age discrimination and retaliation, pursuant to company policy, with Mark Robinson of RadioShack Employee Relations on March 19, 2008, May 5, 2008, May 7, 2008, and May 19, 2008. (*Id.* at ¶ 17, 18-20, 28).

Plaintiff asserts that he took personal leave from May 16, 2008, through May 22, 2008, but was ordered on his return to meet with defendant, Jim Romero, RadioShack's regional sales manager, and with co-defendant, Jasper Green, the district manager, to discuss allegations made against him of potential racism and an uncomfortable work environment. According to plaintiff, he denied the allegations made by his store manager, Gordon Tenney, and by non-defendants, Domonique Hayes, and Aarion Chambers. (*Id.* at 31-34) .

Plaintiff also alleges that Dominique Hayes complained that plaintiff's transfer to her store had been unfair and had reduced her scheduled hours and caused productivity to drop. According to plaintiff, she also asked him why an "old man" like him continued to work. Plaintiff states that he reported her comments to Gordon Tenny, who disregarded the comments and threatened plaintiff with disciplinary action and termination. Plaintiff also alleges that he reported to Tenney that Aarion Chambers made violent threats and cursed him, and he asserts that she was not

disciplined even though she "inflicted an act of violence upon plaintiff." (*Id.* at ¶¶ 41,47, 49-51, 53, 63).

According to plaintiff, RadioShack ignored his request for medical leave after his physician had diagnosed a "serious medical condition." (*Id.* at ¶¶ 35-38). Plaintiff further alleges that Tenney conspired with Hayes and Chambers to retaliate against him, and on June 3, 2008, Romero informed him by telephone that his employment was terminated. According to the complaint, plaintiff, on June 30, 2008, submitted an appeal letter to RadioShack's General Counsel, Robert Donahoo, RadioShack's Chief Operating Officer, Julian Day, and another individual named Jeff Bland, but he received no response to the letter. (*Id.* at ¶¶ 35-38, 56, 57, 59, 62).

Based on the above, plaintiff asserts Title VII claims of race, age and disability discrimination against "[t]he defendant, Radio Shack [sic] Corporation"[2] (*Id.* at ¶¶ 66-69). He also alleges that "[d]efendant" violated the Family & Medical Leave Act, 29 U.S.C. § 2611 ("FMLA") (*Id.* at ¶¶ 70-75); the Americans With Disabilities Act. 42 U.S.C. § 12101 ("ADA") (*Id.* at ¶¶ 76-78); the Louisiana Employment Discrimination

---

[2]In stating the statutory basis for his claims, plaintiff repeatedly uses the singular term "defendant" rather than the plural term "defendants," thus suggesting that he intends to assert the claims only against "[t]he defendant, Radio Shack [sic] Corporation" as is specified in paragraph 66. Plaintiff's opposition to the motions to dismiss and the fact that he specifies no other statutory basis for claims against the individual defendants, however, suggest that, despite his use of the singular term, his intent is to assert all claims against all defendants.

3

Law, LSA–R.S. §23:323 ("LEDL") (*Id.* at 79-83); and asserts a claim for punitive damages (*Id.* at 84).[3]

## LAW AND DISCUSSION

To survive a motion for dismissal, a plaintiff must set forth enough factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Enterprises v. MacGreagor (USA) Inc.*, et al., 322 F.3d 371 (5th Cir. 2003). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995) (quoting, *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994)).

In opposition to the motions to dismiss defendants, Day and Romero, plaintiff argues that RadioShack has been uncooperative in discovery. He also states that he expects discovery to demonstrate that each of the defendants has "a possessory interest in the 'employer' corporation and dominates its administration or otherwise

---

[3]The Court also notes that plaintiff has specifically argued that he was subjected to age discrimination (doc. 1, ¶ 66), and thus seeks to assert a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*("ADEA").

acts, or has the power to act, on behalf of the corporation to exercise control over a work situation which is of a fiduciary obligation" (docs. 16 & 17, p. 4). As is noted previously, however, a court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This court "has previously noted that Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers." *Mitchell v. Tracer Const. Co.*, 256 F.Supp.2d 520, 525 (M.D.La. 2003) (citing, LSA–R.S. §23:301, *et seq.*); see also, e.g., *Johnson v. Acosta*, 2010 WL 4025883 (E.D.La. 2010) (also stating that "Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers"). The Louisiana Employment Discrimination Law provides, in pertinent part, that "'[e]mployer' means a person, association, legal or commercial entity, . . . receiving services from an employee and, in return, giving compensation of any kind to an employee. LSA–R.S. §23:302(2).

Plaintiff alleges that he was employed by defendant, RadioShack Corporation. He does not allege that either Day or Romero provided compensation to him in return for services. Accordingly, plaintiff has failed to allege facts from which one could reasonably conclude that either individual defendant was an employer for purposes of a claim asserted pursuant to the LEDL, and the motion shall be granted

insofar as it seeks dismissal of the claims asserted against defendants, Day and Romero, under Louisiana law.

As to the claims asserted under Title VII, it is well established that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. National Communications, Inc.,* 339 F.3d 376, 381, n. 1 (5th Cir. 2003) (citing *Smith v. Amedisys,* 298 F.3d, at 228-29 (citing, *Indest v. Freeman Decorating, Inc.,* 262 (5th Cir. 1999)). "While Title VII's definition of the term employer includes "any agent" of an employer, Congress' purpose was merely to import *respondeat superior* liability into Title VII." *Id.* Thus, to the extent plaintiff seeks to assert liability under Title VII for actions of the individual defendants, the claim may only be asserted against the employer, RadioShack, under the doctrine of *respondeat superior.* Accordingly, the motion shall be granted insofar as it seeks dismissal of claims asserted against defendants, Day and Romero, under Title VII.

The Court also notes that neither the ADEA nor the ADA provides for individual liability of employees. See, e.g., *Medina v. Ramsey Steel Co, Inc.,* 238 F.3d 674 (5th Cir. 2001) (stating that the ADEA provides no basis for individual liability); *Stultz v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996) (same); *Starkman v. Evans* ,18 F.Supp.2d 630, 632 (E.D.La. 1998)(quoting, *Katcher v. Houston Community College System,* 974 F.Supp. 615, 618 (S.D.Tex. 1997) ("As the 'ADA's definition of 'employer' mirrors the definitions of 'employer' in Title VII and in the ADEA, 'individuals who do not meet the statutory definition of 'employer' cannot be

held liable in their individual capacities under the employment provisions of the ADA")). Accordingly, the motion shall be granted insofar as it seeks dismissal of the claims asserted against defendants, Day and Romero, pursuant to the ADEA and the ADA.

The Court also notes that, insofar as plaintiff seeks to assert claims pursuant to the Family Medical Leave Act against the individual defendants, "[t]he FMLA imposes liability upon *employers* that are subject to FMLA requirements." *Harville v. Texas A&M University*, --- F.Supp.2d ----, 2011 WL 2295279 (W.D.Tex. 2011) (emphasis added) (citing, *Hunt v. Rapides Healthcare Systems, LLC.*, 277 F.3d 757, 763 (5th Cir.2001)). An employer under the FMLA is "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). In determining whether an individual may be held liable as an employer under the FMLA, "[c]ourts consider whether a purported employer 'independently exercised control over the work situation.'" *Harville*, at 6 (quoting, *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)). "This requires both a sufficient level of control and a nexus to the protected rights at issue as to each defendant." *Id.* (citing *Donovan*, at 972).

Plaintiff's complaint only briefly mentions defendant, Julian Day, and alleges that he is the Chief Executive Officer of RadioShack and that he failed to respond to a letter that plaintiff sent to him appealing the termination of his employment. As to the claim against defendant, Jim Romero, the complaint alleges that Romero was

7

a regional sales manager for RadioShack and that he was present at a meeting that addressed allegations involving racism and an uncomfortable work environment that were asserted against plaintiff by his co-workers. The complaint also alleges that Romero later informed plaintiff via telephone that RadioShack was terminating his employment.

Nothing in plaintiff's complaint suggests that either Julian Day or Jim Romero was in any way involved in, or even aware of, plaintiff's request for leave. Accordingly, the Court finds that the complaint demonstrates no nexus between those two defendants and rights protected by the FMLA. Because the complaint fails to address an essential element of the FMLA claims, the motions shall be granted insofar as they seek dismissal of the FMLA claims against defendants, Day and Romero.

## CONCLUSION

For all of the foregoing reasons, the motions for dismissal of all claims asserted by plaintiff, David Frazier, against defendants, Julian Day and Jim Romero, (docs. 15, 16) are **GRANTED, and IT IS ORDERED** that defendants, Julian Day and Jim Romero, are hereby **DISMISSED** from this matter.

Baton Rouge, Louisiana, February 2, 2012.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA