**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DAVID W. FRAZIER                                         CIVIL ACTION

VERSUS

RADIO SHACK CORPORATION                      NO. 10-855-BAJ-CN

## RULING & ORDER

This matter is before the Court on the Motion to Compel Responsive Answers to Interrogatories and Production of Documents and Notice of Records Deposition (R. Doc. 66) filed by plaintiff, David W. Frazier ("Frazier"). Through his motion, Frazier seeks an order compelling Radio Shack to provide more complete responses to his First Set of Interrogatories Nos. 1, 2, and 4-14, his First Set of Requests for Production of Documents Nos. 2, 4, 7-10, 12-15, 17, and 19, his Second Set of Interrogatories Nos. 1, 3, 4, 6, 8, and 10, and to his Notice of Records Deposition/subpoena duces tecum issued to Radio Shack Vice President of Human Resources, Jana Freundlich, on January 11, 2012. In his motion and supporting memorandum, Frazier vaguely contends that Radio Shack's responses to the above-referenced discovery requests/subpoena are insufficient; however, he does not specifically identify the deficiencies therein nor does he provide any jurisprudential or other support for his assertions that Radio Shack's responses/objections are incomplete and/or without merit. This Court has previously denied motions to compel, without prejudice, where the movant failed to adequately identify the claimed deficiencies in a responding party's discovery answers/objections. *See, Burkette v. Allstate Insurance Co.,* 2009 WL 1035436, *2 (M.D. La. 2009)(denying Allstate's motion to compel concerning its first set of

1

discovery requests without prejudice because Allstate failed to identify the particular discovery responses at issue and the specific deficiencies within each of those responses); *Thyssenkrupp Safway, Inc., et al v. Echelon Construction Services, LLC*, Civil Action No. 08-432-B-M2 (same).[1]

Furthermore, Frazier's motion to compel a response to the subpoena duces tecum directed to Radio Shack should be denied because it is procedurally improper and requests documents cumulative of those sought through his requests for production of documents directed to Radio Shack. *See, Loup v. Carroll, et al*, 2011 U.S. Dist. LEXIS 82360 (E.D. La. 2011)(granting a motion to quash a subpoena duces tecum and "notice of records deposition only" on the basis that "[t]here was and is no need for plaintiffs to employ Fed. R. Civ. P. 45 for this discovery, when Fed. R. Civ. P. 34 provides a superior, more efficient means of obtaining discovery of tangible items from parties, as opposed to non-parties," and also noting that there is no "notice of records deposition only" in federal discovery procedure). Thus, Frazier's motion to compel, as it relates to his subpoena duces tecum/notice of records deposition, should be denied with prejudice.

---

[1] *See also, Varsity Gold v. Bigham*, 2007 U.S. Dist. LEXIS 41863, *9 (W.D. Wash. 2006)(denying motion to compel where moving party failed to identify any specific deficiencies in the non-moving party's discovery responses); *Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours & Co.*, 2011 WL 5835020 (S.D. Ohio 2011)(motion to compel denied where plaintiff failed to specify particular document requests with which it was dissatisfied and failed to identify specific deficiencies in the search terms used by the defendant); *U.S.C.F.T.C. v. American Derivatives Corp.*, 2007 WL 1020838 (N.D. Ga. 2007)("As many of those responses the Court has reviewed appear to be entirely proper, and as Plaintiff has not pointed to specific deficiencies, Plaintiff's motion as it relates to any failure to comply with Rule 33(d) is denied").

Accordingly;

**IT IS ORDERED** that the Motion to Compel Responsive Answers to Interrogatories and Production of Documents and Notice of Records Deposition (R. Doc. 66) filed by plaintiff, David W. Frazier, should be **DENIED WITH PREJUDICE**, as it relates to his Notice of Records Deposition, and **DENIED WITHOUT PREJUDICE**, as it relates to his First Set of Interrogatories and Requests for Production and his Second Set of Interrogatories.

Signed in chambers in Baton Rouge, Louisiana, February 27, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**