**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DAVID W. FRAZIER | CIVIL ACTION |
| VERSUS | |
| RADIOSHACK CORPORATION | NO. 10-855-BAJ-CN |

**RULING & ORDER**

This matter is before the Court concerning the Report Regarding Award of Attorney's Fees (R. Doc. 69) filed by defendant, RadioShack Corporation, in accordance with the Court's Order of March 12, 2012. (R. Doc. 68). Plaintiff, David W. Frazier ("Frazier"), has not filed a timely opposition to such report.

Once a district court has determined that a party is entitled to an award of attorney's fees, as in this case, it must find the number of hours reasonably expended on the case[1] and the reasonable hourly rate for the attorney's services. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). The court then multiplies those two figures together to determine the "lodestar" amount of attorney's fees. *Id.* The lodestar amount is presumed to be the reasonable fee, but it may be adjusted upward or downward after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).[2]

---

[1] Counsel is "charged with proving that they exercised billing judgment." *Winget v. Corporate Green, LLC*, 2011 WL 2173840, *4 (M.D.La. 2011), quoting *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996). Attorneys exercise billing judgment by not charging for time that is unproductive, excessive, or duplicative when seeking a fee award. *Id.*

[2] Those factors include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.*

In the Report, RadioShack indicates that it incurred $1,155.00 in attorney's fees in obtaining the Court's March 12, 2012 Order relating to Frazier's "Objection to Notice for Records Deposition Motion to Quash" (R. Doc. 47). The report is supported by the affidavit of RadioShack's counsel, Margaret F. Swetman, which contains excerpts from the invoices submitted to RadioShack for the work counsel performed in connection with obtaining the March 12, 2012 Order. Specifically, those excerpts indicate that RadioShack's counsel spent a total of seven (7) hours at a billing rate of $165 per hour performing such work. The Court finds that both the hourly billing rate and the amount of hours expended opposing the motion to quash in question are reasonable and that the amount of attorney's fees requested by RadioShack should be awarded. In particular, the undersigned finds that $165 per hour is a reasonable hourly billing rate for an attorney with over seven (7) years of experience in the legal practice in the Baton Rouge market, as is the case with Ms. Swetman.[3] Finally, considering RadioShack's opposition to Frazier's motion is fifteen (15) pages long and required more than mere boilerplate legal research, but instead necessitated more significant research, analysis, and writing, as well as oral argument during a telephone conference with the undersigned, the expenditure of seven (7) hours in connection with Frazier's motion to quash was not unreasonable.

---

[3] *See, Cherry v. Shaw Coastal, Inc., et* al, Civil Action No. 08-228-JVP-CN (M.D.La. 2008)(holding that an hourly rate of $175 for an associate with approximately eight (8) years experience was reasonable in the Middle District of Louisiana legal market); *Thompson v. Connick*, 2008 WL 5265197 (5th Cir. 2008)(upholding a district court's award of attorneys' fees in the range of $90-202/hour for mid-level associates in the Eastern District of Louisiana); *Stogner v. Sturdivant*, 2011 WL 6140670 (M.D.La. 2011)(citing various cases and finding that a $200 hourly rate was appropriate for the partner and trial attorney working on the case and a $155 hourly rate was reasonable for an associate assigned to the case); *Winget v. Corporate Green, LLC*, 2011 WL 2173840 (M.D.La. 2011)(holding that a rate of $250.00 per hour was reasonable compensation for an attorney with approximately seven years experience handling relatively complex litigation in the Middle District of Louisiana).

Accordingly;

**IT IS HEREBY ORDERED** that plaintiff, David W. Frazier, shall pay to the defendant, RadioShack Corporation, $1,155.00 in attorney's fees in relation to the preparation, filing, and oral argument concerning RadioShack Corporation's Memorandum in Opposition to his Motion to Quash (R. Doc. 53), in accordance with the Court's Order dated March 12, 2012 (R. Doc. 68).

**IT IS FURTHER ORDERED** that plaintiff shall pay the attorney's fees award to RadioShack in two (2) installments, with $577.50 being paid by May 4, 2012, and the remaining $577.50 being paid by June 4, 2012.

Signed in chambers in Baton Rouge, Louisiana, April 4, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**