# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID W. FRAZIER | CIVIL ACTION |
| VERSUS | |
| RADIO SHACK CORPORATION, ET AL. | NO.: 3:10-cv-00855-BAJ-SCR |

### RULING AND ORDER

Before the Court is Defendant RadioShack Corporation's ("RadioShack") **MOTION FOR SUMMARY JUDGMENT AND OTHER RELIEF (Doc. 99)**, seeking an order "dismissing Plaintiff's claims with prejudice" pursuant to Federal Rule of Civil Procedure ("Rule") 56, and, further, assigning costs to Plaintiff, (*id.* at p. 1). *Pro se* Plaintiff David W. Frazier ("Frazier") opposes the motion. (Doc. 111). RadioShack has been allowed to file a reply to Frazier's opposition, (Doc. 113), and Frazier has been allowed to submit a sur-reply, (Doc. 114). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

On December 22, 2010, Frazier sued RadioShack—his former employer—and various RadioShack employees, seeking damages and other relief for various alleged violations of federal and state law. (Doc. 1). In a series of orders, this Court

dismissed Frazier's claims against the individual employees, leaving only his claims against RadioShack.[1]

In substance, Frazier claims that he was discriminated against while employed by RadioShack and, ultimately, wrongfully terminated from his Manager-in-Training position. (*See generally* Doc. 1). Liberally construed, Frazier asserts claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 623, *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII"); Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"); and the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.* ("LEDL"). Specifically, Frazier alleges that RadioShack: (1) violated Title VII, the ADA, and the LEDL when it failed to promote him, requested that he transfer to a different store location, terminated him, and, more generally, created and tolerated a hostile work environment; (2) violated Title VII and the ADEA when it terminated him in retaliation for filing complaints of discrimination; (3) violated the ADA when it failed to make reasonable accommodation for his disability, specifically Meniere's disease; and (4) violated the FMLA when it terminated him one day after he requested medical leave. (*See generally* Doc. 1 at ¶¶ 28, 66–83).

---

[1] On February 2, 2012, the Court dismissed Frazier's claims against Defendants Jim Romero and Julian Day pursuant to Rule 12(b)(6). (Doc. 60). Shortly thereafter, Frazier consented to dismissal of his claims against Defendants Gordon Tenney and Jasper Green. (Doc. 63; Doc. 64).

2

The parties agree on the following facts: Frazier, a Caucasian male, worked for more than four-and-a-half years as an at-will employee in various RadioShack locations in the Baton Rouge area. (*See* Doc. 99-2 (RadioShack's Statement of Uncontested Material Facts); Doc. 111 at p. 2 (Frazier's Opposition to Summary Judgment)). Frazier began as a Temporary Part-Time Sales Associate in October 2003, and progressed to Sales Associate in December 2003. (Doc. 99-2 at ¶¶ 1–4; Doc. 111 at p. 2). He was promoted to Manager-in-Training in June 2007. (Doc. 99-2 at ¶ 12; Doc. 111 at p. 2). On June 3, 2008, RadioShack terminated Frazier following an investigation into derogatory comments Frazier allegedly made about African-Americans and Jews. (Doc. 99-2 at ¶ 14; *see* Doc. 111 at p. 4, 15–18). Frazier was fifty-five-years-old on the date of his termination. (Doc. 111 at p. 2; *see* Doc. 99-2 at ¶ 1).

Discovery has ended, (*see* Doc. 85), and RadioShack now seeks summary judgment on each of Frazier's various claims, arguing that many of Frazier's complaints are "untimely," and, in any event, Frazier has failed to produce "evidence that RadioShack discriminated against him in any way during his RadioShack employment, or that he was denied promotion[,] retaliated against," or otherwise deprived of any right guaranteed by federal or state law. (Doc. 99-1 at pp. 2–3). Frazier opposes RadioShack's motion, arguing that he has raised "genuine issues of material fact[]," and that he "will meet his burden at trial regarding his

3

Case 3:10-cv-00855-BAJ-SCR   Document 117   03/11/14   Page 3 of 20

timely asserted Title VII, ADEA, ADA . . . FMLA[, and LEDL] claims." (Doc. 111 at p. 29). The Court will consider each of Frazier's claims in turn.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

4

## III. LAW AND DISCUSSION

### a. Timeliness of Frazier's Claims

In addition to its assertion that Frazier has failed to produce sufficient evidence of the merit of his claims, RadioShack also argues that certain of Frazier's claims are untimely. (*See* Doc. 99-1 at pp. 21–22). Specifically, RadioShack asserts that Frazier's Title VII, ADA, and ADEA claims arising out of conduct that occurred *prior* to March 26, 2008 are time-barred and, thus, must be dismissed. (*Id.*). RadioShack further asserts that Frazier's LEDL claims are prescribed. (*Id.* at pp. 22–23).

#### i. *Untimely Title VII, ADA, and ADEA Claims*

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. Private sector employees must satisfy this requirement by filing an administrative charge with the EEOC." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citations omitted). The same is true for employees asserting ADEA and ADA claims. *Jefferson v. Christus St. Joseph Hospital*, 374 F. App'x 485, 489 (5th Cir. 2010); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). "The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer. Only after administrative efforts terminate may the employee sue the employer in federal court." *McClain*, 519 F.3d at 273.

5

In Louisiana, a plaintiff has 300 days from the alleged discriminatory conduct to file his charge of discrimination with the EEOC. *See Janmeja v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. College*, 96 F. App'x 212, 214 (5th Cir. 2004). Accordingly, the only alleged discriminatory acts eligible for consideration by the Court are acts that occurred within 300 days of a charge of discrimination filed with the EEOC by Frazier.

The evidence in the record is that Frazier filed his earliest Charge of Discrimination with the EEOC on January 20, 2009. (Doc. 1-1 at p. 2). 300 days prior to January 20, 2009 was Wednesday, March 26, 2008. Thus, any claims based on acts that occurred *prior* to March 26, 2008 are time-barred. *Janmeja*, 96 F. App'x at 214. Accordingly, Frazier's failure-to-promote claims based on the promotion of Kendrick Montgomery to store manager on November 15, 2007 and Chad Campbell's promotion to store manager on November 11, 2007 are each time-barred, as is Frazier's discrimination claim based on his transfer to a different RadioShack store on March 25, 2008.[2]

### ii. Prescribed LEDL Claims

Discrimination claims brought under Louisiana law are subject to a one-year prescriptive period. La. R.S. 23:303(D). "This one-year prescriptive period commences to run from the day injury or damage is sustained." *King v. Phelps*

---

[2] Even if the Court assumes that Frazier's discriminatory transfer claim is timely, this claim still fails because an employee transfer is not an adverse employment action absent an "objective showing of a loss in compensation, duties, or benefits." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 283 (5th Cir. 2004). Frazier has failed to make such a showing here.

6

*Dunbar, L.L.P.*, 743 So. 2d 181, 187 (La. 1999). The one-year prescriptive period for LEDL claims is suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission, but no such suspension "shall last longer than six months." La. R.S. 23:303(D).[3]

Here, Frazier's *most recent* claim under the LEDL appears to arise from the promotion of Michael Marvin to Store Manager, which Frazier believes to have occurred after his termination, on June 28, 2008. (Doc. 111 at p. 4). Frazier's *maximum* eighteen-month prescriptive period (consisting of the one-year prescriptive period, plus the maximum six-month suspension period) ended on Monday, December 28, 2009. Frazier did not file his lawsuit until December 22, 2010, nearly one year *after* the prescriptive period ended. (Doc. 1). Thus, Frazier's LEDL claims are prescribed and must also be dismissed. La. R.S. 23:303(D).

### b. Frazier's Remaining Title VII Claims

Liberally construed, Frazier's complaint alleges that he is the "victim" of unlawful discrimination on the basis of his race. (Doc. 1 at ¶¶ 66–69). Title VII prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against "any individuals . . . because of such individual's race, color,

---

[3] In its entirety, La. R.S. 23:303(D) reads: "Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months."

7

religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Because Frazier has failed to produce any direct evidence of discrimination in support of his Title VII discrimination claims, the Court proceeds according to the burden-shifting framework established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Turner v. Kansas City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012).

"The first step of the *McDonnell Douglas* analysis requires the plaintiff to establish a prima facie case that the defendant made an employment decision that was motivated by a protected factor." *Id.* (quotation marks and alterations omitted). If the plaintiff establishes a *prima facie* case, the Court proceeds to the next stage of the analysis, where "the defendant bears the burden of producing evidence that its employment decision was based on a legitimate nondiscriminatory reason." *Id.* (quotation marks omitted). If the defendant meets its burden of production, "the burden shifts back to the plaintiff to prove that the defendant's proffered reasons were a pretext for discrimination." *Id.* (quotation marks and alterations omitted).

Here, for various reasons, each of Frazier's Title VII claims fails.

i. *Failure to Promote*

Liberally construed, Frazier's *pro se* Complaint alleges that RadioShack failed to promote him because of his race. (*See* Doc. 1 at ¶¶ 66–67).

> An employee presents a prima facie case of discrimination in a failure to promote case by demonstrating four elements: (1) that the employee

8

is a member of the protected class; (2) that he sought and was qualified for the position; (3) that he was rejected for the position; and (4) that the employer continued to seek or promoted applicants with the plaintiff's qualifications.

*Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).

Here, Frazier has failed to produce evidence that he even *applied* for the positions he now claims he was denied on the basis of his race—specifically, the positions filled by Michael Marvin and Joseph Hatfield.[4] Indeed, the evidence in the record supports the opposite conclusion—that Frazier did *not* apply for these positions. (*E.g.*, Doc. 92-8 at p. 6 (Frazier's deposition excerpt stating he "probably didn't know" he received an email notice advertising the position filled by Hatfield)). Having failed to produce evidence that he applied for these positions, and was rejected, Frazier cannot satisfy prongs two and/or three of the failure to promote analysis. *See Davis*, 383 F.3d at 317. Accordingly, RadioShack is entitled to summary judgment on Frazier's Title VII failure to promote claims.

### ii. Discriminatory Discharge

Liberally construed, Frazier's Complaint also makes out a claim for discriminatory discharge in violation of Title VII. (*See* Doc. 1 at ¶¶ 66, 68–69). To show a *prima facie* case of discriminatory discharge, a plaintiff must establish that he: "(1) is a member of a protected class, (2) was subjected to an adverse employment action, (3) was qualified for [his] position, and (4) was replaced by

---

[4] Frazier's failure to promote claim based on the promotion Angela Longstreet is *not* a race-based claim under Title VII because Longstreet, like Frazier, is Caucasian. In any event, Frazier also did not apply for the position that Longstreet filled.

9

someone outside of the protected class." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007).

Here, Frazier does not dispute that after he was fired, "RadioShack hired James Lee, a Caucasian male born in 1964, to fill [his] position." (*See* Doc. 99-2 at ¶ 94 (RadioShack's Statement of Uncontested Material Facts); Doc. 111-1 at p. 29 (Frazier's Response to RadioShack's Statement of Uncontested Material Facts)). Accordingly, Frazier cannot establish the fourth prong for a discriminatory discharge claim because he was *not* "replaced by someone outside of [his] class," *Turner*, 476 F.3d at 345.

### iii. Hostile Work Environment

Liberally construed, Frazier's Complaint also makes out a Title VII hostile work environment claim. (Doc. 1 at ¶¶ 58, 65–66). In order to establish a hostile working environment claim under Title VII, Frazier must prove: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

Here, Frazier has produced no evidence whatsoever to substantiate his claim that he was subjected to unwelcome harassment on the basis of his race. Instead, the *limited* evidence of harassment Frazier has produced suggests that, on one

Case 3:10-cv-00855-BAJ-SCR   Document 117   03/11/14   Page 10 of 20

occasion, he was belittled because of his *age*. (Doc. 92-4 at p. 36). Accordingly, Frazier has not produced sufficient evidence to withstand summary judgment on this claim. *See Ramsey*, 286 F.3d at 268; *see also McCoy v. City of Shreveport*, 492 F.3d 551, 558 (5th Cir. 2007) (indicating that "occasional boorish remarks and childish horseplay" are insufficient to establish a hostile work environment claim).

### iv. Retaliation

Finally, Frazier's Complaint makes out a claim for retaliation in violation of Title VII. (Doc. 1 at ¶¶ 57, 65–66). A plaintiff establishes a *prima facie* claim of retaliation by establishing: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy*, 492 F.3d at 557. Ultimately, "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2521 (2013).

Here, the Court will assume that Frazier has satisfied the first prong of the retaliation analysis. Indeed, RadioShack has produced an email chain showing that on various occasions Frazier complained to his supervisors regarding alleged preferential treatment of "African-American males," (Doc. 92-10 at p. 2 (email to Jim Romero from Mark Robinson)). *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (indicating that a plaintiff engages in a protected activity under

11

Title VII when she "complain[s] to . . . management" regarding discriminatory practices). Likewise, Frazier suffered an adverse employment action after lodging his complaints—specifically, he was fired. Further, there is evidence to support a causal connection between the protected activity and the adverse employment action because the person responsible for Frazier's termination—Jim Romero—was the recipient of the email recounting Frazier's complaints about preferential treatment for "African-American males," (Doc. 92-10 at p. 2). *See Ackel*, 339 F.3d at 385 (indicating that a causal connection may be established where the decision-maker is aware of "informal, verbal" complaints regarding discriminatory harassment).

This is not the end of the inquiry, however. Instead, the burden is merely shifted to RadioShack to "produc[e] evidence that its employment decision was based on a legitimate nondiscriminatory reason." *Turner*, 675 F.3d at 892 (quotation marks omitted). Here, RadioShack has produced evidence that Frazier was fired "as a result of [his] comments in the workplace," (Doc. 92-13 at ¶ 17)—which including disparaging remarks directed at African-Americans and Jews, (*see id.* at ¶¶ 14–17; *see also* Doc. 92 at p. 2 (indicating that Frazier was terminated due to "Violation of Rules," and "unsatisfactory" "quality" and "attitude" ratings)). RadioShack's evidence is more than sufficient to carry its burden of production. *See Friend v. Interior Sys., Inc.*, 69 F. App'x 659 at *3 (5th Cir. 2003) (affirming district court's determination that employer terminated employee for nondiscriminatory

12

Case 3:10-cv-00855-BAJ-SCR   Document 117   03/11/14   Page 12 of 20

reasons where employer produced documentation of employee's "poor decisionmaking [and] unprofessional and disruptive behavior toward other employees").

Accordingly, the burden shifts back to the Frazier to show that RadioShack's "proffered reasons were a pretext for discrimination." *Turner*, 675 F.3d at 892 (quotation marks and alterations omitted). Beyond his self-serving statement that "RadioShack's reason for terminating [him] . . . is pre-textual," (Doc. 111 at p. 17), Frazier offers nothing to rebut RadioShack's proffered reason for his termination. Speculation and belief are insufficient to create a fact issue as to pretext. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) ("It is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason."), *superseded by statute on other grounds as recognized by ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012)). Accordingly, Frazier's Title VII retaliation claim must also be dismissed.

### c. Frazier's Remaining ADEA Claims

Frazier's complaint also alleges various claims of discrimination under the ADEA. (*See* Doc. 1 at ¶¶ 28–30, 66–67). The ADEA makes it unlawful for an employer to discriminate against an employee because of the employee's age. *See Gross v. FBL Financial Services*, 557 U.S. 167, 170 (2009). Here again, Frazier has

13

not produced any direct evidence of age discrimination and, thus, the Court applies the *McDonnell Douglas* framework to his allegations under the ADEA. *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010).

Liberally construed, Frazier's complaint restates the same violations under the ADEA as under Title VII: specifically, (1) "he was blatantly passed over . . . for numerous manager promotion opportunities," (*id.* at ¶¶ 18, 20, 30); (2) he was forced to endure a hostile work environment (*id.* at ¶¶ 49, 58); (3) he was terminated, (*id.* at ¶ 68); and (4) he was terminated in retaliation for raising concerns about age discrimination at RadioShack (*id.* at ¶ 28).

### i. Failure to Promote

"In an age discrimination, failure to promote case, the employee must demonstrate that 1) he belongs to the protected class, 2) he applied to and was qualified for a position for which applicants were being sought, 3) he was rejected, and 4) another applicant not belonging to the protected class was hired." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680–81 (5th Cir. 2001). Frazier cannot prevail in his age discrimination failure to promote claim because, as explained, he has produced no evidence that he applied for the positions which he now claims were awarded to younger applicants.

### ii. Hostile Work Environment

To advance a hostile work environment claim under the ADEA, Frazier must show: "(1) he was over the age of 40; (2) [he] was subjected to harassment, either

14

through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

Here, Frazier's age satisfies the first prong of the ADEA hostile work environment framework. Similarly, there is evidence in the record that Frazier was subjected to harassment based on his age—specifically, the Court notes Frazier's deposition testimony where he recalled an incident when a coworker asked: "[W]hy [is] an old man like you . . . still working anyway." (Doc. 92-4 at p. 36). However, this is the only incident of such "harassment" alleged in Frazier's Complaint, (*see* Doc. 1 at ¶ 49), and Frazier has not otherwise produced any evidence to show that additional incidents occurred. Accordingly, the Court determines that Frazier has failed to produce sufficient evidence to satisfy prong three of the hostile work environment framework because "the nature of the harassment was [not] such that it created an objectively intimidating, hostile, or offensive work environment." *Dediol*, 655 F.3d at 441; *see id.* ("A workplace environment is hostile when it is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently pervasive to alter the conditions of the victim's employment." (quotation marks omitted)); *cf. Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, (1993) ("[M]ere utterance of an epithet which engenders offensive feelings in a [sic] employee, does not

15

sufficiently affect the conditions of . . . . an objectively hostile or abusive work environment . . . .").

### iii. Termination

To establish a prima facie case that he was fired in violation of the ADEA, Frazier must show: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Jackson*, 602 F.3d at 378. Here, there is no dispute that Frazier was qualified for his position at the time he was discharged, and that he was subsequently replaced by someone younger. (*See* Doc. 99-2 at ¶ 94; Doc. 111-1 at p. 29). Further, because Frazier was "forty years or older" when he was discharged, he was also "within the class protected by the ADEA." *Jackson*, 602 F.3d at 378.

Again, however, Frazier's claim cannot withstand summary judgment because he has not produced any evidence that RadioShack's proffered reason for firing him was mere pretext for discrimination. *See Jackson*, 602 F.3d at 378.

### iv. Retaliation

"A plaintiff establishes a *prima facie* case of retaliation under the ADEA by showing: (1) that he engaged in activity protected by the ADEA; (2) that there was an adverse employment action; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision."

16

*Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1225–26 (5th Cir. 1996). Ultimately, the employee must "prove that the adverse employment action would not have occurred 'but-for' the protected activity." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

Here, the parties have produced evidence to show that Frazier complained that younger employees were unfairly promoted to managerial positions. (*E.g.* Doc. 92-10 at p. 2). Thus, Frazier has met the first element for a retaliation claim under the ADEA. Likewise, Frazier has satisfied the second element because it is undisputed that he was terminated. However, even if the Court assumes that there was a causal connection between Frazier's complaints and his termination, RadioShack has asserted a legitimate, non-retaliatory reason for his discharge. As explained, Frazier has failed to produce any evidence beyond his own self-serving statements to undermine RadioShack's proffered reason for his termination. Thus, this claim must also be dismissed. *See Jackson*, 602 F.3d at 378.

### d. Frazier's Remaining ADA Claims

Frazier's next claim is that RadioShack "discriminated against him because of [his] physical limitations." (Doc. 1 at ¶ 77). Specifically, Frazier claims that RadioShack failed to reasonably accommodate his physical limitations caused by Meniere's disease and, further, "terminat[ed] [his] employment because of [his] physical limitations." (*Id.*).

17

"The ADA prohibits discrimination against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995) (citing 42 U.S.C. § 12112(a)). Frazier has not produced direct evidence of discrimination on the basis of his alleged "physical limitations." In the absence of direct evidence of discrimination, the Court applies the *McDonnell Douglas* framework to allegations of discrimination under the ADA. *See id.*

To establish a prima facie case of discrimination under the ADA, a plaintiff must show: "(1) he or she suffers from a disability; (2) he or she is qualified for the job; (3) he or she was subject to an adverse employment action; and (4) he or she was replaced by a non-disabled person or was treated less favorably than non-disabled employees." *Id.*

There is no dispute that Frazier was qualified for his job and that he was subject to an adverse employment action. However, as before, even if the Court accepts as true Frazier's additional contentions that Meniere's disease qualifies as a disability within the meaning of the ADA *and* that he was treated less favorably than his non-disabled coworkers, Frazier cannot prevail because he has not produced any evidence to rebut RadioShack's legitimate motivation for firing him. *See Daigle*, 70 F.3d at 396.

18

Case 3:10-cv-00855-BAJ-SCR    Document 117    03/11/14    Page 18 of 20

### e. Frazier's FMLA Claim

Finally, Frazier alleges that RadioShack fired him because he asserted his rights under the FMLA. (*See* Doc. 1 at ¶¶ 70, 72, 74). Specifically, Frazier asserts that he was fired for requesting medical leave. (*See id.* at ¶¶ 45–46, 72).

"The FMLA prohibits employers from interfering with, restraining, or denying the exercise or the attempt to exercise, any right provided under the act." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005) (quotation marks and alterations omitted). "Concomitantly, the FMLA prohibits employers from discharging or in any other manner discriminating against an individual for opposing any practice made unlawful by the act." *Id.* (quotation marks and alterations omitted). Here again Frazier has produced no direct evidence of discrimination. As with each of the other frameworks for establishing employment discrimination, "[w]hen there is no direct evidence of discriminatory intent, [the Court employs] the familiar *McDonnell–Douglas* burden shifting framework to determine whether an employer discharged an employee in retaliation for participating in FMLA-protected activities." *Id.*

The Court will assume without deciding that Frazier has met the threshold for establishing a prima facie case of retaliatory discharge under the FMLA. *See id.* ("To make a *prima facie* case of retaliatory discharge, the employee must show that (1) she engaged in a protected activity, (2) the employer discharged her, and (3) there is a causal link between the protected activity and the discharge."). Frazier's

19

claim still fails because, as has been the case all along, he has not adequately countered RadioShack's proffered reason for his termination. *See id.*

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that RadioShack's **MOTION FOR SUMMARY JUDGMENT (Doc. 99)** is **GRANTED**. Frazier's claims against RadioShack are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that RadioShack's request "that all costs be taxed against Plaintiff" is **DENIED WITHOUT PREJUDICE**. Should RadioShack choose, it shall file a schedule of reasonable costs for which it seeks reimbursement no later than 30 days from the date of entry of judgment in this matter, in accordance with this Court's Local Rules. *See* M.D. La. LR54.3. Frazier shall then have an additional 7 days to submit "[s]pecific objections" to any costs claimed by RadioShack. *Id.* at LR54.4.

**IT IS FURTHER ORDERED** that judgment be entered in favor of RadioShack and against Frazier.

Baton Rouge, Louisiana, this 10th day of March, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

20